In the Matter of the Application of DELMAN, INC., Petitioner, for an Order of Certiorari against HENRY L. CONNEL and Others, as Board of Standards and Appeals of the City of New York, Respondents.

Supreme Court, New York County, June 30, 1931.

*Hamill, Weinberg & Munro* [*Alexander I. Rorke* of counsel], for the petitioner.

*Arthur J. W. Hilly, Corporation Counsel* [*Benjamin Millstein* of counsel], for the respondents, constituting the board of standards and appeals.

COLLINS, J. The petitioner, by certiorari, seeks to review a determination of the board of standards and appeals which had affirmed the decision of the superintendent of buildings in refusing to issue a certificate of occupancy for petitioner's premises, 558 Madison avenue, Manhattan.

The building, as it now stands, is seven stories in height with a frontage of about thirty-two feet and a depth of about seventy-six feet. It is seventy-five feet high. The building is non-fireproof brick and was erected in 1878–1879, at that time being five stories in height.

The present means of exit are by an interior stair and an exterior fire escape which terminates in a counterweighted stair to a rear

yard, from which there is egress through a passageway in adjoining premises to the rear. The interior stair is iron and concrete at the first, sixth and seventh stories and wooden at the second, third, fourth and fifth stories, the whole inclosed in fireproof partitions with fireproof doors at openings.

The certificate of occupancy was sought in 1928, to permit the use of the upper five stories for light manufacturing purposes. The alleged occupancy is distributed as follows:

| | Persons. |
|---|---|
| First story | 11 |
| Second story | 12 |
| Third story | 7 |
| Fourth story | 8 |
| Fifth story | 8 |
| Sixth story | 10 |
| Seventh story | 8 |

The certificate of occupancy was refused for various specified reasons, only two of which are material here, since the petitioner expressed its readiness to comply with all remaining specifications. The two items, the subject of the appeal, are:

(a) Building must be fireproof and comply with the provisions of section 270 of the Labor Law.

(b) All windows in exterior walls must be fireproof and self-closing and area of glass must not exceed 720 square inches.

The building, as stated, was originally five stories in height, devoted to office use. Some time after 1921 the usage was changed to factory occupancy. In 1926 two stories were added to the then existing building, making it seven stories and seventy-five feet in height.

The sole question for determination is whether the building is a new building within the purview of section 270 of the Labor Law, or an old building within the purview of section 271. If the latter, then the building complies with the law and the certificate should be granted. If not, the certificate was properly refused.

Section 270 of the Labor Law, among other things, provides: " No factory shall be conducted in a building erected after October first, nineteen hundred and thirteen, which is more than one story in height unless such building shall conform to the following requirements:

" 1. Fireproof construction. All buildings more than four stories in height shall be fireproof."

The petitioner claims that its building is one erected prior to

October 1, 1913, and that the addition of the two stories in 1926 constitutes a mere alteration which did not change the character of the building as one erected prior to October 1, 1913. The board of standards and appeals, on the other hand, claims that the building as it exists to-day is not the building erected prior to 1913 but a seven-story non-fireproof building which came into existence *as such* in 1926 and is, therefore, subject to the law governing buildings erected *after 1913*.

On the side of strict technical construction much can be said in favor of petitioner's claim. Were the question one of interpretation of some other law, less essentially and primarily connected with the safeguarding of workers from the danger of fire inherent in factory buildings, I might be inclined to agree with the petitioner. But here the intent of the law is clear and of paramount importance in interpreting the statute.

Individual property rights, sacred as they are, must succumb to the common weal. Measures fashioned to lessen casualties, to decrease the hazards of fire, to promote safety and to safeguard the public, must be elastically interpreted to gain their objective, rather than so compressed as to weaken or destroy their efficacy. One of the capital purposes of government will fail if nice distinctions are allowed to emasculate or defeat such laws.

Were it possible for the legislators in enacting the various provisions of the Labor Law to have adopted standard requirements for *all existing* buildings they would have done so. Certainly the necessity for such requirements existed with even greater force as to older buildings such as this, erected at a time when archaic construction and lack of safety devices contributed to the greater risk of human life. But the legislators could not do this because such a law, completely changing the character of buildings previously erected, would have encountered constitutional obstructions.

They were *forced* to leave existing buildings substantially the same, although as to such existing buildings even greater reason existed for complete renovation. They reluctantly yielded to constitutional limitations. The barrier of limitation protected only the building *as it stood*. If that building were changed and enlarged it ceased to be the building immune, because and only because of its prior erection, from the salutary requirements of the Labor Law.

Such a situation is disclosed here. The building, *as such*, is one erected after 1913. Its character has been substantially changed. If petitioner's contention were pushed to its logical conclusion, then a building erected prior to 1913 could be " altered "

after such date by the addition of any number of stories, and it could still be claimed that the building was one erected prior to 1913. Suppose that five stories had been added to this building instead of two? It could equally well be claimed by petitioner that the building was still one erected prior to 1913. The law should not be quick to favor such refinements. It seeks to protect human life and stops only when the statute expressly bids it stop.

I am not unmindful of the fact that in the past departmental opinions, statements and actions may have misled, and undoubtedly did mislead, this petitioner into the belief that its building was one which was subject only to the requirements of section 271 of the Labor Law, and it may have relied upon this assumption and acted to its present damage. But there can be no estoppel against the public.

I must assume that the board, because of its experience, has considered the possibility of such variation and conclude that nothing but strict and literal compliance will suffice. I concern myself with the sole question of interpretation of the law. Its working details have been specifically intrusted to the board.

The motion to dismiss the order of certiorari is granted, but without costs.